UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80570-CIV-MOORE/Torres

ZENITH ELECTRONICS LLC, PANASONIC
CORPORATION, U.S. PHILIPS
CORPORATION, and THE TRUSTEES OF
COLUMBIA UNIVERSITY IN THE CITY OF
NEW YORK,

        Plaintiffs,

vs.

VIEWSONIC CORPORATION (alternatively
named VIEWSONIC DISPLAY CO.),

        Defendant.
_____/

**DEFENDANT VIEWSONIC'S MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Defendant ViewSonic Corporation ("ViewSonic") respectfully moves this Court for the entry of an order transferring this case to the Central District of California pursuant to 28 U.S.C. § 1404. The Southern District of Florida has no connection to this case, as none of the parties or witnesses are located there, and any operative facts occurring in the United States occurred in California. ViewSonic's North American headquarters is located in the Central District of California, which will also be more convenient for the parties, the witnesses, and for access to sources of proof.

**I.**    **FACTUAL BACKGROUND**

    **A.**    **None of the Parties or Witnesses Have Any Relevant Connection to This District.**

None of the Plaintiffs have any connection to the Southern District of Florida. Zenith Electronics LLC ("Zenith") is a Delaware company with its principal place of business in

Illinois. Panasonic Corporation ("Panasonic") is a Japanese corporation with its principal place of business in Japan. U.S. Philips Corporation ("Philips") is a Delaware corporation with its principal place of business in New York. Columbia University ("Columbia") is a New York corporation also with its principal place of business in New York. (*See* Complaint [DE-1], at ¶¶ 1-4.) Defendant ViewSonic is a Delaware corporation with a principal place of business in Walnut, California, which is in the Central District of California. Although the Complaint alleges that ViewSonic has an office in Plantation, Florida, this office has been closed since 2009. (*See* Declaration of Sung Yi filed concurrently (hereinafter "Decl. of Sung Yi") at ¶¶ 6-7; Notice of Termination, dated January 3, 2009, attached as Exhibit A.)

Nor are there likely to be any witnesses located in the Southern District of Florida who will be relevant to this action. ViewSonic's former Florida office was primarily used as a remote sales office for Latin America, and any former or current ViewSonic employees in Florida would be unlikely to have any knowledge or documents related to this action. (*See* Decl. of Sung Yi at ¶¶ 4-6.)

Other potential witnesses, such as the inventors and prosecuting attorneys of the patents-in-suit, similarly have no apparent connection to Florida. David A. Willming, inventor of Zenith's '958 and '107 patents, is located in Palatine, Illinois. (*See* U.S. Patent No. 5,629,958, attached as Exhibit B; U.S. Patent No. 5,802,107, attached as Exhibit C; LinkedIn Profile of David Willming, http://www.linkedin.com/pub/david-willming/2/34a/75b (last accessed July 31, 2013), attached as Exhibit D.) The '958 patent was prosecuted by attorneys from Zenith, located in Glenview, Illinois. (*See* Declaration and Power of Attorney, attached as Exhibit E.) The '107 patent was prosecuted by attorneys from Zenith and the firm Marshall, O'Toole, Gerstein, Murray & Borun in Chicago, Illinois. (*See* Declaration and Power of Attorney, attached as Exhibit F; Information Disclosure Statement, attached as Exhibit G.) Mitsuaki Oshima and Seiji Sakashita, inventors of Panasonic's '643 patent, are located in Japan. (*See* U.S. Patent No. RE 42,643 p. 1, attached as Exhibit H; U.S. Patent No. 8,472,291 p. 1 (filed July 29, 2011), attached

as Exhibit I; Kiyomi Sakamoto, et al., *Evaluating Emotional State During 3dTV Viewing Using Psychophysiological Measurements*, Lecture Notes in Computer Science Vol. 8008, 2013, pp. 353-361, attached as Exhibit J.) The '643 patent was prosecuted by attorneys from the firm Wenderoth, Lind & Ponack in Washington, DC. (*See* Reissue Patent Application Transmittal, attached as Exhibit K.) Bernardus H. M. Vaske, inventor of Philips' '541 patent, appears to be located in the Netherlands. (*See* U.S. Patent No. 5,684,541, attached as Exhibit L.) The '541 patent was prosecuted by attorneys from Philips in New York State. (*See* Appointment of Associates, attached as Exhibit M.) One of the inventors of Columbia's '873 patent, Alexandros Elfetheriadis, appears to be located in Athens, Greece. (*See* U.S. Patent No. 8,115,873, attached as Exhibit N; Curriculum Vitae of Alexandros Eleftheriadis, attached as Exhibit O). The other, Hari Kaly is located in New York. (*See* Exhibit N; U.S. Patent App. 2012/0105727 (filed Jan. 6, 2012), attached as Exhibit P.) The '873 patent was prosecuted by attorneys from the firm Baker Botts, LLP in New York, New York. (*See* Declaration and Power of Attorney, attached as Exhibit Q.) Although these individuals are spread throughout the country, none of them are located in the Southern District of Florida or would be subject to this court's subpoena power.

Finally, the Complaint makes several references to a licensing company called MPEG LA which is not a party to the action at this time. (*See* Complaint [DE-1], at ¶¶ 25, 29.) MPEG LA appears to maintain locations in Denver, Colorado and Washington, DC, but not in this District or anywhere in Florida. (*See* MPEG LA-The Standard for Standards-Contact, http://www.mpegla.com/main/Pages/Contact.aspx (last access July 31, 2013), attached as Exhibit R.)

### B.   ViewSonic Has Significant Ties to the Central District of California.

ViewSonic's North American headquarters is in Walnut, California. (*See* Decl. of Sung Yi at ¶ 2.) The majority of the marketing and sales work for ViewSonic's sales of the accused in the United States occurs in Walnut, California. (*Id.* at ¶¶ 2, 4.) ViewSonic's design,

3

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

manufacturing, and development work is performed primarily in Taiwan and China. (*Id.* at ¶ 3.) Thus, to the extent ViewSonic has any relevant documents and witnesses located in the United States, they are located in California.

## II.     ARGUMENT

A district court may transfer any civil action to any other district where it could have been brought "[f]or the convenience of the parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). The court has broad discretion to grant transfer, which will be overturned only for abuse of discretion. *Mason v. SmithKline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1358 (S.D. Fla. 2001). A two-pronged inquiry must be satisfied to transfer to a more convenient venue. *Id.* First, the new venue "must be one in which the action could originally have been brought." *Id.* Second, the balance of private and public factors must justify transfer. *Id.*

### A.     **This Case Could Have Been Brought in the Central District of California.**

In an action for patent infringement, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporation is deemed to reside in any district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). ViewSonic's North American Headquarters is in the Central District of California, and it is subject to that district's jurisdiction. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). Because both venue and jurisdiction would have been proper in the Central District of California, Plaintiffs could have brought their claims in that district.

4

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

## B.      Private and Public Factors Weigh Strongly in Favor of Transfer.

The Eleventh Circuit has set forth several public and private factors to determine whether transfer is justified under § 1404(a). *Manuel v. Convergys Corp.*, 430 F.3d 1132 (11th Cir. 2005). These factors include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances

*Id.* at 1135 n.1. Several of these factors favor transfer in this case, and the remaining factors are neutral or should be accorded little weight.

### 1.      The Convenience of the Parties Strongly Favors Transfer

ViewSonic's North American headquarters is located in Walnut, California, which is in the Central District of California. To the extent ViewSonic documents and witnesses relevant to this case, including sales and marketing documents, are located in the United States, they are located in California. (*See* Decl. of Sung Yi at ¶¶ 2, 4-5.) Moreover, additional documents and witnesses relevant to this case, including witnesses with knowledge of the development and manufacturing of the accused products, are located in Taiwan and China. (*See* Decl. of Sung Yi at ¶ 3.) Although Taiwan and China remain a long distance from the Central District California, it is considerably more convenient to fly to Los Angeles than to continue across the country to Miami.

The Central District of California is no less convenient for the Plaintiffs. Philips and Columbia University are located in New York, and Zenith is located in Lincolnshire, Illinois. The Central District of California is no more inconvenient than the Southern District of Florida for these parties. *See Cellularvision Tech. & Telecomms.*, 508 F. Supp. 2d 1186, 1190 (S.D. Fla. 2007). Panasonic is located in Japan, and should therefore find the Central District of California

5

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

more convenient for the same reasons as ViewSonic. The Central District of California is more convenient for the parties overall, and this case should transferred.

### 2. The Relative Ease of Access to Sources of Proof Favors Transfer

As with most modern litigation, it is likely that the bulk of document production in this case will be electronic. *See Microspherix LLC v. Biocompatibles, Inc.*, Case No. 11-cv-80813, 2012 WL 243764, at *3 (S.D. Fla. Jan. 25, 2012) (finding the physical location of documents irrelevant absent a showing to the contrary). This case is still in its early stages, and discovery has not yet opened, but the Plaintiffs have alleged that dozens of ViewSonic television products infringe. Although ViewSonic does not concede that inspection of physical accused products would be appropriate, those products would be most conveniently produced for inspection from ViewSonic's North American headquarters to the extent such an inspection is required. (*See* Decl. of Sung Yi at ¶ 8.) These sources of proof are more easily accessible in the Central District of California than in the Southern District of Florida.

### 3. The Convenience of the Witnesses Favors Transfer

The witnesses' actual knowledge relative to the current dispute and the location and convenience of the witnesses are important considerations. *Cellularvision*, 508 F. Supp. 2d at 1189. All of ViewSonic's witnesses with knowledge relevant to the design, manufacture, marketing, and sales of the accused products are located either in California, or in Taiwan and China. In either case, the Central District of California is more convenient. For the majority of the third party witnesses identified above, located in Chicago, Colorado, New York, and Washington DC the Central District of California will be no less convenient than the Southern District of Florida. Although one inventor located in the Netherlands and another located in Greece may find the Central District of California less convenient, they are counterbalanced by the two Japanese inventors who would be similarly inconvenienced flying cross-country to the Southern District of Florida. For the majority of witnesses, the Central District of California will be more convenient.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

### 4. The Locus of Operative Facts Strongly Favors Transfer

"In patent infringement actions, the preferred forum is 'that which is the center of gravity of the accused activity.'" *Trace-Wilco, Inc., v. Symantec Corp.*, No. 08-80877, 2009 WL 455432, at *2 (S.D. Fla. Feb. 23, 2009) (quoting *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 482 n.17 (D.N.J. 1993) (internal quotation marks omitted)). The "center of gravity is generally where the operative facts underlying the cause of action occurred." *Microshperix LLC v. Biocompatibles, Inc.*, No. 9:11-cv-80813, 2012 WL 243764, at *4 (S.D. Fla. Jan. 25, 2012). Several courts have held this to be the location where the allegedly infringing product was designed and manufactured, and from where marketing and sales decisions are made. *See Trace–Wilco, Inc.*, 2009 WL 455432, at *2. Here, the center of gravity of the accused activity is located in either in the Central District of California, where the sales and marketing of the accused products takes place, or in Taiwan and China, where the majority of the research, design, and manufacturing of the accused products takes place. No relevant operative facts occurred in the Southern District of Florida, and therefore this factor weighs in favor of transfer to the Central District of California.

### 5. The Inability to Compel the Presence of Non-Party Witnesses is Neutral

None of the third-party witnesses above are located within the subpoena power of either the Southern District of Florida or the Central District of California. Therefore, this factor is neutral.

### 6. The Relative Means of the Parties is Neutral

The parties' relative means is a neutral factor. All of the parties are large corporations or companies, and the Plaintiffs have already shown their willingness to litigate in a distant forum by filing suit in the Southern District of Florida.

### 7. The Forum's Familiarity With the Governing Law is Neutral

Patent infringement cases are governed by federal law, with which both districts are familiar. Like the Southern District of Florida, the Central District of California is participating

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

in the patent pilot program, which allows judges to transfer patent cases to other judges in their district who have volunteered to hear patent cases. This factor is therefore neutral.

### 8. The Plaintiffs' Choice of Forum Has Little Weight

Less consideration is due to the plaintiff's choice of forum when the operative facts did not occur there. *See Mason*, 146 F. Supp. 2d at 1360. When the plaintiff has chosen a forum that is not its home, "only minimal deference is required." *Cellularvision*, 508 F. Supp. 2d at 1189. "[W]hen the Plaintiff has not brought suit in its home jurisdiction, the defendant's home jurisdiction in which the majority of development, testing, research, production, and decisions regarding marketing and sales took place is the most convenient venue under 1404(a)." *Id.* at 1193. The Southern District of Florida is not the home forum of any of the Plaintiffs, nor did any operative facts underlying this case occur in this district. The Plaintiff's choice of forum is therefore entitled to little deference, and transfer is warranted.

### 9. Public Interest and Trial Efficiency Favors Transfer

Transfer to the Central District of California is in the public interest because that district has a substantial connection to, and local interest in, the claims. There is an interest in having localized controversies decided at home, and jury duty is a burden which should not be imposed upon citizens with no relation to the litigation. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). The Southern District of Florida does not have any special connection to this case or any of the parties, but ViewSonic has its North American headquarters in the Central District of California, and marketing and sales decisions relevant to this case are made in the Central District of California. These connections between this case and the Central District of California weigh in favor of transfer. *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

Although the Central District of California may have a slower docket than the Southern District of Florida, docket considerations are a "minor consideration" when other factors favor transfer of venue. *Trace-Wilco*, 2009, WL 455432, at *4. Similarly, even though there are related cases pending in this district, those cases are still in the early stage, and those parties may

8

move to dismiss or transfer, or choose to settle, negating any potential efficiency of consolidation. On balance, in light of the Central District of California's connection to this case, this factor favors transfer.

### III. CONCLUSION

The Southern District of Florida has no connection to this case, and the Central District of California would be more convenient for the parties and witnesses. The operative facts relevant to this case occurred in California, to the extent they occurred in the United States, and the Central District of California has the greatest connection to and public interest in this case.

WHEREFORE, ViewSonic respectfully requests that the Court enter an order transferring this case to the Central District of California.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Counsel for ViewSonic certifies they have consulted with Plaintiffs' counsel via telephone on July 30, 2013 regarding this motion to transfer in accordance with Local Rule 7.1(a)(3). On August 2, 2013, counsel for Plaintiffs responded, indicating that they intend to oppose this motion.

Date:   August 3, 2013                           Respectfully submitted,

                                               **LOTT & FISCHER, PL**

                                               s/ Ury Fischer
                                               Ury Fischer
                                               Florida Bar No. 048534
                                               E-mail: UFischer@lottfischer.com
                                               Leslie J. Lott
                                               Florida Bar No. 182196
                                               E-mail: LJLott@lottfischer.com
                                               355 Alhambra Circle, Suite 1100
                                               Coral Gables, FL 33134
                                               Telephone: (305) 448-7089

9

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Facsimile: (305) 446-6191

and

**KIRKLAND & ELLIS LLP**
Kenneth R. Adamo
E-mail: kenneth.adamo@kirkland.com
Admitted *pro hac vice*
Ya-Chiao Chang
E-mail: y.chang@kirkland.com
Admitted *pro hac vice*
Ryan M. Hubbard
E-mail: ryan.hubbard@kirkland.com
Admitted *pro hac vice*
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendant ViewSonic Corporation*

**10**

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Case No. 13-80570-CIV-MOORE/Torres

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 3, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Ury Fischer
Ury Fischer

## SERVICE LIST

*Zenith Electronics LLC, et al. v. ViewSonic Corporation*
United States District Court
Southern District of Florida
Case No. 13-80567-CIV-MOORE/Torres

Service via CM/ECF generated Notices of Electronic Filing:

**PROSKAUER ROSE LLP**
Matthew H. Triggs, Esq.
E-mail: mtriggs@proskauer.com
Payal Salsburg, Esq.
E-mail: psalsburg@proskauer.com
One Boca Place
2255 Glades Road
Suite 421 Atrium
Boca Raton, FL 33431-7360
Telephone: (561) 241-7400
Facsimile: (561) 241-7145

*Attorneys for Plaintiffs*
*Zenith Electronics LLC, Panasonic Corporation,*
*U.S. Philips Corporation, and The Trustees of*
*the Columbia University in the City of New York*

**PROSKAUER ROSE LLP**
Steven M. Bauer
E-mail: sbauer@proskauer.com
*(admitted pro hac vice)*
Justin J. Daniels
E-mail: jdaniels@proskauer.com
*(admitted pro hac vice)*
One International Place
Boston, MA 02110
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191